Filed 4/29/25  P. v. Jones CA4/2
*See Concurring Opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083498 |
| v. | (Super.Ct.No. RIF083076) |
| KEVIN ANTHONY JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John. D. Molloy, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Kevin Anthony Jones appeals the trial court's judgment following its resentencing under Penal Code[1] section 1172.75. He argues that the court erred in failing to dismiss a sentencing enhancement under section 1385, subdivision (c)(2)(C). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 1998, defendant committed a bank robbery. On February 17, 1999, following a court trial, he was found guilty of robbery. (§ 211.) The court also found true the allegations that defendant had 20 prior strike convictions (§§ 667, subds. (c) & (e) and 1170.12, subd. (e)), two prior serious felony convictions (§ 667, subd. (a)), and one prior prison term (§ 667.5, subd. (b)). On April 23, 1999, the court sentenced him to 25 years to life in state prison on count 1, plus a determinate term of 11 years for the two prior serious felony enhancements and the prior prison enhancement.

On June 26, 2023, after defendant's name was presumably provided to the trial court as someone potentially eligible for resentencing under section 1172.75, the court held a full recall/resentencing hearing. The minute order indicates the court struck the prison prior as invalid, pursuant to section 1172.75, subdivision (a), and that sentenced

---

[1] All further statutory references will be made to the Penal Code, unless otherwise indicated.

2

was defendant to 25 years to life, plus a determinate term of 10 years. It then set a hearing pursuant to *Romero*.[2]

Defendant filed a brief seeking to have the court resentence him by striking one or both of his prior serious felony enhancements and/or 19 of his 20 prior strike convictions, pursuant to sections 1172.75, subdivision (b), and 1385, subdivisions (a) and (c).[3] The People filed a brief arguing that section 1172.75 did not entitle defendant to litigate a *Romero* motion, and that, in any event, the court should not dismiss any of his prior strike convictions. The People further argued that the court should not exercise its discretion under section 1385 to dismiss any of the enhancements.

The court held a hearing on March 5, 2024, and noted that it had read both sides' moving papers. The court found that defendant was entitled to a full resentencing and was entitled to "run an additional *Romero* motion." However, it declined to exercise its discretion to dismiss any of defendant's prior strikes, in light of his extensive criminal history. Defense counsel then asked the court to strike both of defendant's prior serious felony enhancements under section 1385. The People requested that the court only strike one of them. The court exercised its discretion under section 1385, subdivision (c),

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. We note the record on appeal does not appear to contain the reporter's transcript from the resentencing hearing, so it is unclear exactly what the court said or did, or why it sentenced defendant and then set another apparent sentencing hearing.

[3] The record on appeal does not appear to contain a sentencing brief by defendant. However, the record does indicate that he filed one.

3

stating, "I will strike one of the nickel priors, but not both of them. So the total aggregate term will now be 25 years to life plus five years."

## DISCUSSION

### Section 1385, Subdivision (c)(2)(C) is Inapplicable

Defendant contends his sentence was unauthorized because the court was required to dismiss his remaining prior serious felony enhancement. Specifically, he asserts that section 1385, subdivision (c)(2)(C) required dismissal of the enhancement because his sentence exceeded 20 years. The People argue that defendant forfeited his claim since he failed to raise a specific objection at the resentencing hearing, and in any event, his claim lacks merit. We agree with the People.

#### A. *Defendant Forfeited His Claim*

At the outset, we note that defendant forfeited his claim of sentencing error under section 1385, subdivision (c)(2)(C) by failing to object below. (*People v. Scott* (1994) 9 Cal.4th 331, 354 ["only those claims properly raised and preserved by the parties are reviewable on appeal"].) Defendant concedes that he did not object to the sentence based on section 1385, subdivision (c)(2)(C), but contends an objection was not required because his sentence was unauthorized under the statute. We disagree. (See *post*, § D.)

#### B. *Standard of Review*

Defendant's claim involves a question of statutory interpretation, which this court reviews de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "As in any case involving statutory interpretation, our fundamental task here is to determine the

4

Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "'If the statutory language is unambiguous, then its plain meaning controls.'" (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1106.)

C. *Relevant Law*

"[S]ubsequent to the original sentencing, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to allow for the imposition of one-year prior prison term enhancements only for specified sexually violent offenses." (*People v. Cota* (2023) 97 Cal.App.5th 318, 334 (*Cota*).) Defendant's sentence was recalled pursuant to section 1172.75, which "provides a process for recall of sentences involving a now-invalid prior prison term enhancement and resentencing of affected defendants." (*Ibid.*; § 1172.75, subd. (c).)

In resentencing a defendant pursuant to section 1172.75, "'[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.'" (*Cota*, *supra*, 97 Cal.App.5th at p. 334; § 1172.75, subd. (d)(2).)

"Enacted in 2021, Senate Bill 81 amended Penal Code section 1385 to guide sentencing courts in deciding whether to dismiss an enhancement. [Citation.] Under new section 1385(c), a court 'shall dismiss an enhancement if it is in the furtherance of justice

5

to do so, except if dismissal of that enhancement is prohibited by any initiative statute.' [Citation.] In deciding whether to strike the enhancement, 'the court shall consider and afford great weight to evidence . . . that any of [nine enumerated] mitigating circumstances . . . are present.'" (*People v. McDowell* (2024) 99 Cal.App.5th 1147, 1152; § 1385(c)(2).)

The mitigating circumstance at issue here provides:  "The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed."  (§ 1385, subd. (c)(2)(C).)

D.  *Section 1385, Subdivision (c)(2)(C), is Inapplicable Here*

Defendant claims that section 1385, subdivision (c)(2)(C), "prohibits imposition of an enhancement if the sentence exceeds 20 years."  He argues his sentence is thereby unauthorized "because it included an enhancement and the sentence was more than 20 years in prison."  Thus, defendant contends the five-year term on his prior serious felony enhancement must be vacated.

Defendant's claim fails under the plain language of section 1385, subdivision (c)(2)(C), which states the mitigating circumstance as "[t]he application of an enhancement could result in a sentence of over 20 years."  The court here sentenced defendant to an indeterminate term of 25 years to life on count 1, plus a determinate term of five years on the prior serious felony enhancement.  Thus, it cannot be said that the application of the enhancement "could *result* in a sentence of over 20 years" since defendant's sentence already exceeded 20 years, due to the indeterminate term of 25

6

years to life on count 1.  Therefore, the mitigating circumstance enumerated in section 1385, subdivision (c)(2)(C), does not apply here.

Defendant claims the issue is whether the word "shall" in section 1385, subdivision (c)(2)(C) makes the dismissal of his prior felony enhancement mandatory. (§ 1385, subd. (c)(2)(C) [where the application of an enhancement could result in a sentence of over 20 years, "the enhancement shall be dismissed."].)  We disagree.

Although we find this section 1385 subdivision (c)(2)(C) not applicable here, even if it did apply, our Supreme Court has held that dismissal of an enhancement is not mandatory, but rather discretionary.  In exercising its discretion, the court, giving great weight to mitigating factors, must determine whether dismissal of the enhancement is in the furtherance of justice.  (*People v Walker* (2024) 16 Cal. 5th 1024, 1036).  "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice." (*Ibid.*)  Here, the court exercised its discretion and declined to strike the second enhancement given defendant's extensive record which included 20 prior strike convictions.  We see no error or abuse of discretion.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                
                    J.

I concur:

McKINSTER        
        Acting P. J.

8

[*People v. Jones*, E083498]

RAPHAEL, J., concurring.

I agree with the disposition, but I write to disagree with the restrictive interpretation of the word "result" in the majority opinion. If applied in other cases, this interpretation would erroneously affect the application of sentencing enhancements in many cases where a defendant receives a sentence exceeding 20 years.

Generally, a court may dismiss a sentencing enhancement in furtherance of justice. (Pen. Code § 1385, subds. (a), (b).)[1] Effective in 2022, section 1385, subdivision (c) provides nine "mitigating circumstances" that "weigh greatly in favor of dismissing the enhancement." In these situations, the statute is not silent about a judge's dismissal discretion but encourages dismissal by giving the circumstance great weight.

One of these circumstances is: "The application of an enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).) That circumstance applies the special dismissal standard to any enhancements in a case where the total imprisonment results in a sentence exceeding 20 years (putting aside the few enhancements that the law never allows to be dismissed). Here, for example, the total sentence is 30 years to life. That means that the five-year enhancement for a prior serious felony would be subject to the special standard. Its application resulted in a sentence over 20 years; that is, 30 years to life.

The majority opinion, in contrast, holds that an enhancement "results" in a sentence over 20 years only when it puts the sentence over the 20-year threshold. (Maj.

1

opn., *ante*, at pp. 6-7.)  So the majority finds that the five-year enhancement is not subject to the special standard because the sentence was 25 years to life without it.

The majority's interpretation is disconsonant in the context of this statute.  Here, the Legislature obviously intended to heighten scrutiny of enhancements that make sentences particularly long.  It does not make sense that the Legislature would encourage dismissal of enhancements that happen to increase sentences above 20 years but not enhancements that make longer sentences even longer.

Twenty years is not a magic number, but the Legislature's way of identifying a long sentence.  As is common with laws that draw a line at an age or length of time, the Legislature picked a point above which a rule applies, though that 20-year level itself does not have independent significance.  The Legislature wanted to identify enhancements to long sentences for scrutiny, so it drew a simple, clear line.

The majority's standard is arbitrary beyond just line-drawing.  Consider the majority test's effect on a trial court's consideration of the five-year enhancement for a prior serious felony.  The special standard in section 1385, subdivision (c) would apply when the sentence was sixteen to twenty years long without the enhancement.  Then, the five-year enhancement alone would push the total sentence over the 20-year threshold.  But the heightened standard would *not* apply when the sentence was 21 years or more without the enhancement.  Then, the five-year enhancement would result in an even longer sentence but not be the threshold-crosser.  There is no reasonable basis for this rule.

The legislative history of the bill that created the nine mitigating circumstances supports my reading of the statute, that the Legislature meant to apply the special standard to long sentences, not enhancements that chance to cross the 20-year threshold. The legislative report from the introduction of Senate Bill No. 81 cited a study that found "[t]he incremental deterrent effect of increases in lengthy prison sentences is modest at best." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 81 (2021-2022 Reg. Sess.) Mar. 16, 2021, p. 4. (Senate Report).). The report also cited the state's Little Hoover Commission criticism of the state "putting away offenders for increasingly longer periods of time, with no evidence that lengthy incarceration, for many, brings any additional public safety benefit." (*Ibid.*)

Senate Bill No. 81 was meant to "codify" a recommendation from the Committee on Reform of the Penal Code. (Senate Report, at pp. 4-5). That committee's report proposed the circumstance at issue here with language that shows it meant to apply to *any* enhancement where the overall sentence exceeded 20 years. It recommended the higher standard where "[m]ultiple enhancements are alleged in a single case or the total sentence is over 20 years." (Com. On Revision of Penal Code, Annual Report and Recommendations (Feb. 9, 2021) at p. 37 <https://perma.cc/TG5N-XNGL>.) It did not signify that an enhancement that itself crossed the 20-year mark was significant. It simply identified cases where the total sentence exceeded 20 years. Also, in accord with what the Legislature would later state, the Committee described "broad consensus" among academic studies that "long sentences have little or no public safety value." (*Id.*

3

at p. 42.)  The proposal was to have trial courts scrutinize enhancements to long sentences, not only enhancements that happen to cause a sentence to surpass 20 years.

While I disagree with the majority's restrictive interpretation of the word "results," I agree that there was no error here.  (Maj. opn., *ante*, at p. 7.)  Defendant originally was sentenced with two five-year serious felony enhancements.  In the 2024 resentencing, the trial court expressly referred to section 1385, subdivision (c), which it stated applied to those enhancements.  It stated that it was "mindful of the change in the law with respect to 1385" and would strike one of the defendant's two enhancements.  It referred to section 1385, subdivision (c) when it struck the enhancement.  It stated that it would not strike both enhancements.  The record thereby indicates that the trial court properly applied the law.  The defendant's argument here is not that the trial court failed to apply the mitigating circumstance, but that, when that circumstance applies, dismissal is *mandatory* under section 1385, subdivision (c).  Defendant is wrong about that, as the trial court instead must "'engage[ ] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.'"  (*People v. Walker* (2024) 16 Cal.5th 1024, 1036.)  The mitigating circumstance applied here, but nevertheless the trial court did not abuse its discretion in striking one enhancement, but not both.

RAPHAEL
J.

4